# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR96-27 |
| vs. | REPORT AND RECOMMENDATION |
| TRACY ALLEN MCGHGHY, | |
| Defendant. | |

This matter comes before the court pursuant to the government's September 1, 2005, motion to dismiss and/or deny (docket number 146) Defendant Tracey Allen McGhghy's February 8, 2002, motion for the return of illegally seized property (docket number 109), and the government's September 23, 2005, motion to close evidence in the same matter (docket number 148). This court held an evidentiary hearing on this matter on August 22, 2005. Mr. McGhghy was represented by Anne Laverty and the government was represented by Assistant United States Attorney Stephanie M. Rose. The government's motion to dismiss and the defendant's motion for the return of illegally seized property should be denied for the reasons set forth below. The government's motion to close evidence is granted.

## I. PROCEDURAL HISTORY

On February 8, 2002, Mr. McGhghy moved this court pursuant to Fed. R. Crim. P.. 41(e)[1] to order the government to return property seized from him on November 22, 1996. Mr. McGhghy claims the property at issue consisted of:

---

[1] Fed. R. Crim. P. 41(e) has been renumbered as Fed. R. Crim. P. 41(g).

1. Guitars, amplifiers, speakers, digital sound processors [sic], recording equipment, stereo and video equipment, valued at $50,000;
2. Sports card collection, valued at $30,000
3. Snap-on roll-away tool chest with Snap-on tools, valued at $10,000;
4. Antiques, collectibles, and furniture, valued at $7,000;
5. Cloths [sic], valued at $2,000;

Mr. McGhghy's motion was denied by the United States District Court for the Northern District of Iowa on December 17, 2003 (docket number 127). In its denial, the court found that Mr. McGhghy "had failed to submit any evidence that the government had seized or possessed the subject property." United States v. McGhghy, No. 04-1693, 2005 WL 310901, at *1 (8th Cir. Feb. 10, 2005). The court denied Mr. McGhghy's motion for reconsideration, request for an evidentiary hearing, and "motions for judgment on the pleadings, for entry of default, to strike, and for entry of default judgment." Id. On January 26, 2004, Mr. McGhghy appealed the district court's denial of his motions to the United States Court of Appeals for the Eighth Circuit (docket number 130). On February 10, 2005, the Eighth Circuit remanded Mr. McGhghy's case to the district court to hold an evidentiary hearing on his motion to return property. Id. The Eighth Circuit affirmed the district court's denial of Mr. McGhghy's other motions. Id. On September 1, 2005, the government moved this court to dismiss Mr. McGhghy's motion for lack of jurisdiction, or in the alternative, should this court find jurisdiction over the instant issue, to deny Mr. McGhghy's motion (docket number 146). An evidentiary hearing was held before the undersigned United States Magistrate Judge on August 22, 2005.

## FINDINGS OF FACT

On August 9, 1995, Ericka Thumann rented storage unit number 13 at Engelbart Storage in Olin, Iowa. It is a typical outdoor storage unit, approximately 8 feet wide and 20 feet deep, with a garage door front. Ericka Thumann was the girlfriend of defendant Tracy McGhghy during the times relevant to these proceedings. On January 17, 1996, defendant Tracy McGhghy signed a lease for the same unit. Mr. McGhghy consistently stored his personal belongings at that facility.

On November 14, 1996, the Grand Jury returned a controlled substances indictment against the defendant. Tracy McGhghy had an initial appearance before then United States District Judge Michael J. Melloy[2] on November 21, 1996 and an arraignment before the undersigned United States Magistrate Judge on November 22, 1996. On November 26, 1996, a detention hearing was held and the defendant was detained pending trial. Because he was detained, all the information that the defendant received about the contents of the storage facility and its search is hearsay. Most of it was simply wrong. The defendant ultimately pleaded guilty and no trial was held.

Just prior to the detention hearing, Special Agent Richard Heft of the Federal Bureau of Investigation received word that the Jones County Sheriff had executed a search warrant at the storage facility noted above. The warrant arose out of a flippant remark by the defendant when arrested by Cedar County deputy sheriffs to the effect that the defendant was in possession of a bazooka.

The warrant in question was applied for and received by Jones County Sheriff Mark Denniston. It was presented to Iowa State Judge David Remley by Jones County Attorney Connie Sue Ricklefs. See Ex. 2. Agent Heft was the only federal agent associated with the case against the defendant in federal court and it is clear that he did not initiate efforts to secure this warrant, provide information for the warrant, or assist in its execution.

---

[2]Judge Melloy has since been elevated to the Eighth Circuit Court of Appeals.

During the search of the storage facility, Denniston found items of drug paraphernalia together with guns and ammunition. A detailed list of items seized was made and returned to state court. Ex. 2, p. 8. Because Sheriff Denniston used a bolt cutter to remove the defendant's lock, Denniston replaced the lock on the facility and kept the key. Sheriff Denniston kept the items that were seized pursuant to the warrant. They were not turned over to the Federal Bureau of Investigation.

Because the defendant was detained, he assumed that his family was taking care of disposition of items left in the storage facility. In fact, a friend of his named John Anthony made payments pursuant to the lease agreement until approximately February 1997. Ex. 3, pp. 7-8. At that time Engelbart Storage was notified that the defendant's belongings would be removed by March 1997. Ex. 3, p. 8. No further payments were made.

In December 1997, Engelbart Storage removed the defendant's items to rent the unit to another person. It was the practice of that company to simply haul items of inconsequential value to the local dump. If there were items of significant value, it was the policy of Engelbart Storage to hold an auction. However, Jeff Engelbart testified at the hearing that his father ran the facility at all times material to this motion and had never held an auction. Jeff Engelbart could only assume from this fact that the items that the defendant left in the storage facility were of little or no value. Engelbart Storage contacted Sheriff Denniston before making entry into the locker. Denniston offered to bring a key but told Engelbart Storage that it could simply break the lock that he had put on it as the lock had no value.

Jeff Engelbart was more recently notified about the defendant's claims in this matter. When cleaning out his deceased father's residence, he came upon a collection of sports cards and other items of antique value. The defendant examined these items after the August 22, 2005 hearing and claimed them. They were released to him by Mr. Engelbart.

4

## CONCLUSIONS OF LAW

A.  The Government's Motion to Dismiss for Lack of Jurisdiction

The government moves to dismiss Mr. McGhghy's motion for lack of jurisdiction because the items at issue were not seized by the federal government or by state authorities authorized by the federal government.  According to the testimony os retired FBI Special Agent Richard Heft, the only federal official involved in Mr. McGhghy's case, and Jones County Sheriff Mark Denniston, the search was conducted pursuant to a state-issued warrant by state law enforcement officers.  No federal assistance was offered, no federal authorization was given, nor did federal officials ever take possession of any of the items seized.

However, "[p]ost-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action."  Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995); see United States v. Woodall, 107 F.3d 876, 1997 WL 53052, at *1 (8th Cir. Feb. 11, 1997); see also Ball v. United States, 193 F.3d 998, 999-1000 (8th Cir. 1999).  Mr. McGhghy pleaded guilty to a single criminal charge on May 9, 1997 in the United States District Court for the Northern District of Iowa, and was sentenced on October 1, 1997, to one hundred and twelve months of incarceration and five years of supervised release.  Thus, this court has jurisdiction to decide the merits of Mr. McGhghy's motion.

B.  Mr. McGhghy's Motion for Return of Seized Property

Pursuant to Fed. R. Crim. P. 41(g):

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive

evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Mr. McGhghy asserts that the November 22, 1996 search was conducted by federal authorities and that his property was seized by the FBI. Mr. McGhghy offered no proof of federal involvement in the search other than unreliable and speculative hearsay statements. The testimony of Special Agent Heft and Sheriff Denniston corroborated the government's assertions that there was no federal involvement in the November 1996 search. All property seized from Mr. McGhghy was seized by state authorities pursuant to a state-issued search warrant. The remaining items of property were retained by the defendant in the unit that he continued to rent. Special Agent Heft, the only federal official with any involvement in Mr. McGhghy's federal case, testified that he did not find out about the search until several days after it had taken place. "[T]he government is not accountable for state-seized items that it never possessed or used as evidence." Woodall, 1997 WL 53052, at *1; Ball, 193 F.3d at 999. Mr. McGhghy's motion should be denied.

### C. The Government's Motion to Close Evidence

During the August 22, 2005, evidentiary hearing, this court granted Mr. McGhghy's motion to hold the record open to allow Mr. McGhghy to locate and serve a potential witness, John Anthony. Mr. McGhghy was told to advise the court when Mr. Anthony was located. This court indicated that it was willing to hold the record open approximately one week after the August 22 hearing. As of the date of this Report and Recommendation, Mr. McGhghy has yet to notify this court that he has located Mr. Anthony. Because of Mr. McGhghy's failure to notify this court as requested, the government's motion to close evidence is granted.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[3] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the government's motion to dismiss for lack of jurisdiction be denied and the plaintiff's motion for the return of seized property be denied. It is ordered that the government's motion to close evidence is granted.

October 25, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[3]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.