IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR96-0027-LRR |
| vs. | ORDER REGARDING |
| TRACY ALLEN McGHGHY, | MAGISTRATE'S REPORT AND RECOMMENDATION |
| Defendant. | |

The matter before the court is Chief Magistrate Judge John A. Jarvey's Report and Recommendation (Docket No. 150). Judge Jarvey filed his Report and Recommendation on October 26, 2005. Such Report and Recommendation addressed the defendant's Motion for Return of Seized Property (Docket No. 109), the government's Motion to Dismiss for Lack of Jurisdiction (Docket No. 146) and the government's Motion to Close Evidence (Docket No. 148).

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b) (requiring de novo review of a magistrate judge's recommendation on dispositive motions and prisoner petitions). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 6000 (8th Cir.

2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

Here, the defendant needed to file his objections by November 11, 2005. Although the court permitted the defendant to extend the deadline on two occasions, the defendant never filed any objections. Moreover, the court thoroughly reviewed the record and concludes that there is no reason to reject or modify Judge Jarvey's findings and conclusions. Accordingly, the court adopts Judge Jarvey's October 26, 2005 Report and Recommendation, denies the defendant's Motion for Return of Seized Property (Docket No. 109), denies the government's Motion to Dismiss for Lack of Jurisdiction (Docket No. 146) and grants the government's Motion to Close Evidence (Docket No. 148).

**IT IS SO ORDERED**.
**DATED** this 30th day of November, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA